[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-14620
Non-Argument Calendar

_____

D.C. Docket No. 03-00060-CR-N

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 25, 2005)

ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES

Before ANDERSON and WILSON, Circuit Judges, and SHAPIRO[*], District Judge.

PER CURIAM.

Eric Martin ("Martin") appealed his conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). We affirmed his conviction and sentence. *United States v. Martin*, 2004 WL 1002909 (11th Cir. April 24, 2004). The Supreme Court of the United States vacated the judgment and remanded the case to this court for further consideration in light of *United States v. Booker*, 125 S.Ct. 738 (2005) ("*Booker*"). *Martin v. United States*, 125 S.Ct. 1040 (2005).

## I. FACTS AND PROCEDURAL HISTORY

The facts of Martin's crime are described in *Martin*, 2004 WL 1002909:

On September 6, 2001, law enforcement officers Kelvin Mitchell ("Mitchell") and Jason Powell ("Powell"), assigned to the Second Judicial Circuit Drug Task Force, were looking for Martin. The officers saw Martin's Cadillac parked at an apartment complex where Richard Watson lived. When the officers approach Martin, he was standing near his car and hollowing out a cigar; there was a small bag of marijuana and a razor blade on the truck of his car. Watson and Martin had previously arranged to meet at Watson's residence and were preparing a marijuana blunt to smoke when the officers arrived. Mitchell asked Martin whether the marijuana belonged to him;

[*]Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Martin responded in the affirmative. Mitchell placed Martin in handcuffs, patted him down for weapons and put him in the patrol car.

After placing the marijuana and razor blade in evidence bags, Mitchell returned to Martin's car. A small-caliber piston wedged between the driver's seat and the console was in plain view through the open driver's window. Mitchell photographed the gun, removed it from the car and unloaded it.

Martin was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The pre-sentence investigation report calculated the base offense level under the United States Sentencing Guidelines ("U.S.S.G.") at 20, but added four points for use or possession of a firearm in connection with another felony offense under U.S.S.G. § 2k2.1(b)(5) because Martin was in possession of marijuana.[1] The total offense level of 24, together with Martin's criminal history of Level IV, yielded a U.S.S.G. sentencing range of 77 to 96 months. Had Martin not received the four-point enhancement, the U.S.S.G. sentencing range would have been 51 to 63 months.

At the sentencing hearing, Martin objected to the four-point enhancement and argued that considering possession of marijuana as a felony for sentencing

---

[1] Simple possession of a small quantity marijuana is not ordinarily a felony, but Martin had a prior conviction for possession of marijuana, so the instant possession was punishable by more than one year in prison under 21 U.S.C. § 844(a). Martin was not charged with a felony for the marijuana possession; he was charged in state court with a misdemeanor.

purposes was unduly harsh.  The court agreed with counsel for Martin that the

four-point enhancement was harsh:

> COURT:  I have studied this matter carefully, because I have to agree with you, Mr. Butler, that it seems to be a harsh result of the possession of an amount that would, without prior conviction, be a misdemeanor, and a possession of an amount for personal use for which the defendant was never charged as [sic] a substantial amount to his sentence.

Sentencing Hearing Transcript at 6.  Nonetheless, the court told Martin it was

constrained by law to apply the enhancement.

> COURT:  I've looked to see if there was any law to the contrary, as you have.  I've come up with the same results that you came up with, and that's that this is what the law requires.  I'm going to make factual findings and conclusions of law on this. And I don't know whether – yes, you have the right to appeal in this case.  And it may be something that the circuit will consider.  It's not something that I can consider at the trial level.

*Id.*  The district court made a factual finding that Martin possessed the firearm in

connection with possession of marijuana under U.S.S.G. § 2k2.1(b)(5), and

overruled Martin's objection:

> COURT: So based on those findings, it is my finding that the law requires me and that I have no discretion to do anything other than to give the four-point enhancement on this.  So I overrule the objection.

The court sentenced Martin to imprisonment for 85 months, slightly below the

4

midpoint of the recommended range of 77 to 96 months.[2]  The court justified the

sentence based on Martin's criminal history:

> COURT: Under all the circumstances of this case, I'm not going to sentence as high as was recommended, but I cannot ignore the fact that this defendant has a criminal history category of IV.  I can't, in good conscience, sentence the defendant at the low end of the guidelines with this type of criminal history.  However, within the discretion that I have to sentence within the guideline range, I feel that an appropriate sentence for this defendant, taking into consideration all the facts and circumstances, would be 85 months.

*Id.* at 18.

On appeal, Martin argued, *inter alia*, that the district court erred by

increasing his offense level four points under U.S.S.G. § 2k2.1(b)(5) because he

was only actually charged with a misdemeanor for marijuana possession, and there

was insufficient evidence he possessed the firearm "in connection with"

marijuana.  This court, affirming the sentence, held that Martin possessed the

firearm "in connection with" marijuana possession, and Martin's possession of

marijuana was a felony for sentencing purposes.

Martin petitioned for a rehearing on whether the panel's affirmation of the

enhancement under U.S.S.G. § 2K2.1(b)(5) was inconsistent with the requirement

that the firearm be possessed "in connection with" another felony offense.  The

---

[2]  The exact midpoint of the recommended sentencing range is 86.5 months.

petition having been denied, Martin then petitioned the Supreme Court of the United States for a writ of certiorari. Martin again raised his claim regarding the application of U.S.S.G. § 2K2.1(b)(5), but also argued for the first time that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004) (other than the fact of a prior conviction, any fact increasing the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt). The Court granted Martin's writ of certiorari, vacated the judgment, and remanded to this court for further consideration in light of *Booker*. *See Martin v. U.S.*, 125 S.Ct. 1040 (2005).

We directed the parties to file supplemental briefs on when Martin first raised the *Booker* issue, whether it was timely raised, and how it applies to his case.

## II. DISCUSSION

In *United States v. Pipkins*, ___ F.3d ___, 2005 WL 1421449, *2 (11th Cir. June 20, 2005) this court held that failure to raise a claim under *Booker* in the initial brief on direct appeal precludes its consideration. In *Pipkins*, the defendants first challenged the constitutionality of their sentences in petitions for rehearing *en banc*. *Id.* at *1. We denied the petitions for rehearing; the defendants petitioned the Supreme Court; and the Court vacated and remanded for reconsideration in

6

light of *Booker*. *Id.* at *1. We upheld this court's long-standing rule not to consider an issue argued for the first time in a petition for rehearing because nothing in the Supreme Court's remand order required treating the *Booker* issue as timely raised. *Id.* at *2. Accordingly, we reinstated the defendants' sentences. *Id.*

Martin contends he raised a claim under *Blakely* at his sentencing hearing and again on direct appeal. But at his sentencing hearing and on direct appeal, Martin's arguments regarding sentencing enhancement were based solely on the sufficiency of the evidence and proper construction of the "in connection with" language, not the power of the District Court to decide facts determining the length of the sentence. Martin did not raise any claim under *Booker* or *Blakely* until his writ of certiorari petition to the Supreme Court.

Because Martin did not raise a claim under *Booker* or *Blakely* in his initial brief on direct appeal to this court, we decline to consider that claim; our opinion affirming Martin's conviction and sentence is **REINSTATED**.